UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL DANE RICHARDSON, #514862,

    Plaintiff,

v.                                          CASE NO. 2:18-CV-12676
                                            HONORABLE PAUL D. BORMAN

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

Michigan prisoner Paul Dane Richardson ("Plaintiff"), currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that Michigan administrative rules were violated at a parole revocation hearing because the administrative law judge lacked authority and the defendants denied his grievances concerning the same in violation of his due process rights. Plaintiff names Michigan Department of Corrections Director Heidi Washington, Charles Egeler Reception Center Warden J. Bush, Charles Egeler Reception Center Assistant Deputy Warden Allen, and Michigan Department of Corrections Grievance Section Manager Richard Russell as the defendants in this action. Plaintiff sues the defendants in their official capacities

and seeks monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1). Having reviewed the complaint, the Court now dismisses it for failure to state a claim upon which relief may be granted under § 1983 and on the basis of immunity.

**II.     Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed.

R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional.

3

*Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). With the foregoing standards in mind, the Court finds that Plaintiff's complaint is subject to summary dismissal.

First, to the extent that Plaintiff asserts that he is entitled to relief based upon the administrative law judge's alleged lack of authority to preside over the parole revocation hearing in violation of state administrative rules and his due process rights, as well as any related allegations of conspiracy, Plaintiff fails to state a claim upon which relief may be granted in his complaint. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a prisoner challenging a condition of imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Since Plaintiff contests a parole revocation decision, however, he actually seeks habeas corpus relief because such claims concern the validity of his confinement. Ruling on such claims would necessarily imply the invalidity of the parole revocation decision and Plaintiff's confinement in prison. Such claims are not properly brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance or a writ of habeas corpus under 28

U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *Id.* at 487-89.

The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The *Heck* doctrine applies to claims challenging state parole revocation proceedings. *See Noel v. Grzesiak*, 96 F. App'x 353, 354 (6th Cir. 2004) (citing *Crow, infra*); *Norwood v. Michigan Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003); *accord Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("[Heck] applies to proceedings that call into question the fact or duration of parole or probation."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (same).

In this case, the allegation in Plaintiff's complaint concerning the administrative law judge's authority goes to the propriety of the parole revocation decision itself such that ruling in his favor would necessarily demonstrate the invalidity of his incarceration. Such a claim is barred by *Heck*. Because Plaintiff's challenge to his parole revocation would necessarily imply the impropriety of his confinement, and since that decision has not been overturned or otherwise declared

invalid, his civil rights complaint contesting that decision must be dismissed.

Second, the claims against the named defendants must be dismissed because Plaintiff fails to allege facts demonstrating the personal involvement of those defendants in the alleged improper revocation hearing giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated in, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to do so with respect to the named defendants.

Any assertion that the defendants failed to supervise an employee, should be vicariously liable for an employee's conduct, erred in denying grievances, and/or did not sufficiently respond to the situation are insufficient to state a claim under § 1983. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). Plaintiff also does not allege facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690,

700 (6th Cir. 2006) (setting forth three-part test for such claims).

Moreover, to the extent that Plaintiff asserts that one or more of the defendants violated his constitutional rights by denying his grievances, he fails to state a claim for relief. The First Amendment guarantees "the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). An inmate does not have a constitutionally protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). To the extent that Plaintiff is dissatisfied with the investigation of his complaints and the responses to his grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting

7

magistrate judge's report).  Plaintiff's claims against the named defendants must therefore be dismissed.

Lastly, Plaintiff's complaint must be dismissed on the basis of immunity. Plaintiff sues the named defendants only in their official capacities and seeks monetary damages as relief.  The Eleventh Amendment, however, bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983.  *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) ("It is well established that § 1983 does not abrogate the Eleventh Amendment.") (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).  Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies."  *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).  Eleventh Amendment immunity applies to state employees who are sued in their official capacities.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).  Because the

defendants are employees of the Michigan Department of Corrections and are sued in their official capacities, they are entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claims for monetary damages against the defendants in their official capacities must therefore be dismissed.

### III. Conclusion

Based upon the foregoing analysis, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint and that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's civil rights complaint.

Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2018.

s/Deborah Tofil
Case Manager